UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT -8 2024 12:06 P

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| SHAWN M. THOMAS, | 18 U.S.C. § 924(c)(1)(A)(i)-(ii) |
| | 18 U.S.C. § 1951(a) |
| Defendant. | FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES:**

### COUNT 1
### (Interference with Commerce by Robbery)

1. At all times material to this Indictment, the Dollar General store located at 5800 Green Pointe Drive North in Columbus, Ohio, was engaged in commercial activities in and affecting commerce, that is, said Dollar General used credit card machines, and intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by said Dollar General within the State of Ohio.

2. On or about June 19, 2024, in the Southern District of Ohio, the defendant, **SHAWN M. THOMAS**, did unlawfully obstruct, delay and affect commerce and the movement of articles and commodities in commerce by robbery

to wit, **SHAWN M. THOMAS** did unlawfully take and obtain United States currency belonging to Dollar General, from the person of and in the presence of employees of Dollar General, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, by brandishing a firearm and demanding money.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 2
**(Use of a Firearm During and in Relation to a Crime of Violence)**

3. On or about June 19, 2024, in the Southern District of Ohio, the defendant, **SHAWN M. THOMAS**, did knowingly and intentionally use, carry, and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, as charged in Count 1 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## FORFEITURE ALLEGATION A

4. The allegations of Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. Upon conviction of the offense alleged in Count 1 of this Indictment, the defendant, **SHAWN M. THOMAS**, shall forfeit to the United States any

property, real or personal, which constitutes or is derived from proceeds traceable to such violation including, but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the violation.

6. <u>Substitute Assets</u>: If the forfeitable property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, **SHAWN M. THOMAS**, up to the value of the forfeitable property.

**Forfeiture notice pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION B

7. The allegations of Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

8. Upon conviction of the offense alleged in Count 2 of this Indictment, the defendant, **SHAWN M. THOMAS**, shall forfeit to the United States any firearms and ammunition involved in or used in such violation.

**Forfeiture notice pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

**A TRUE BILL.**

s/Foreperson
FOREPERSON


KENNETH L. PARKER
UNITED STATES ATTORNEY

*[signature]*

DAMOUN DELAVIZ (PA 309631)
Assistant United States Attorney

*[signature]*

HEIDY CARR (OH 93524)
Special Assistant United States Attorney